UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CLARENCE RANDOLPH, JR. (#480981)**             CIVIL ACTION

**VERSUS**

**CAPT. G. LONDON, ET AL.**                     NO. 09-0179-FJP-CN

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, December 8, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CLARENCE RANDOLPH, JR. (#480981)**                              **CIVIL ACTION**

**VERSUS**

**CAPT. G. LONDON, ET AL.**                                       **NO. 09-0179-FJP-CN**

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

This matter comes before the Court on the Motion for Partial Summary Judgment of defendant James LeBlanc, rec.doc.no. 21, and the Motion to Dismiss of defendants James LeBlanc and G. London, rec.doc.no. 22. These motions are opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Capt. G. London, and unidentified "John Doe" defendants, complaining that the defendants have violated his constitutional rights through verbal threats and harassment and through retaliation for his exercise of First Amendment rights.[1]

In his Complaint, the plaintiff alleges that on May 23, 2008, he filed an administrative grievance procedure against a Sgt. Chambliss (not named as a defendant herein). In an effort to thereafter cause the plaintiff trouble, Sgt. Chambliss then told defendant London that the plaintiff was planning to file a grievance against the defendant.

---

[1] The plaintiff has named as defendants several unidentified "John Doe" defendants. However, "[n]either the Federal Rules of Civil Procedure no [42 U.S.C. § 1983] provides authority for joining fictitious defendants" in a civil proceeding. See <u>Taylor v. Federal Home Loan Bank Board</u>, 661 F.Supp. 1341 (N.D. Tex. 1986); <u>Staritz v. Valdez</u>, 2007 WL 1498285 (N.D. Tex., May 21, 2007). Accordingly, these defendants are not before the court and will not be considered as defendants in this proceeding.

Although the plaintiff informed defendant London that he had no intention of filing a grievance against the defendant, the defendant nonetheless began to threaten and verbally abuse the plaintiff and to make threatening gestures toward him.  Finally, on August 22, 2008, defendant London allegedly submitted the plaintiff's name to an internal review board with a request that the plaintiff be re-assigned from his job as a dormitory bathroom orderly to a job in the "Main Prison Culinary Scullery", purportedly as punishment for the plaintiff's refusal to drop the grievance filed against Officer Chambliss.  As a result, the plaintiff awoke on the morning of August 23, 2008, and was told that he had been assigned to the Scullery.  According to the plaintiff, this job change was undertaken in violation of prison rules because he was not given notice of the internal review board or allowed to be present at the board's hearing.  In addition, he complains that he suffers with vertigo and has surgical hardware in his lower back and cervical spine, and that as a result of this condition, he has twice fallen in the kitchen and suffered injuries which have not been properly treated.

Addressing first the Motion for Summary Judgment, rec.doc.no. 21, defendant James LeBlanc asserts, relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's administrative remedy proceedings, and the affidavit of Tara Bonnett, that the plaintiff has failed to exhaust administrative remedies relative to his claims against this defendant.  In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to the institution of suit in federal court relative to prison conditions.  This provision is mandatory and allows for no exceptions.  Further, pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine issue as to any

material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

From a review of the plaintiff's administrative grievance, it appears that the defendant's motion is well-taken. The grievance does not mention defendant LeBlanc and makes no assertion that defendant LeBlanc, as Secretary of the Louisiana Department of Public Safety and Corrections, had any involvement in the re-assignment of the plaintiff's job in August, 2008. Accordingly, it appears clear that the plaintiff has failed to exhaust administrative remedies relative to his claims against defendant LeBlanc and that the Motion for Partial Summary Judgment, rec.doc.no. 21, should be granted, dismissing defendant LeBlanc from these proceedings for failure of the plaintiff to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.[2]

Turning to the motion to dismiss of the remaining defendant, Capt. G. London,[3] rec.doc.no. 22, it appears that this motion only seeks

---

[2] In his opposition to the defendant's motion, the plaintiff contends that his claim against defendant LeBlanc relates to the defendant's denial of the plaintiff's administrative grievance. The plaintiff, however, has no constitutional right to have his grievances addressed, investigated, or favorably resolved, and there is no procedural due process right inherent in such a claim. See Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). Further, although the plaintiff asserts that he is not required to exhaust this claim against defendant LeBlanc, the plaintiff provides no support for this contention, and the Court finds his argument to be without merit.

[3] A claim is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if a plaintiff fails "to state a claim upon which relief can be granted." On a motion to dismiss for failure to state a claim under this Rule, the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se

dismissal of the plaintiff's claims asserted against the defendant in the defendant's official capacity.[4]  In this regard, the law is clear that § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  Accordingly, because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and as such, "is no different from a suit against the State itself", <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), it is clear that the plaintiff fails to state a claim under § 1983 against the defendant in the defendant's official capacity.  Accordingly, the motion to dismiss should be granted in this regard.

Finally, although defendant London has not substantively addressed the plaintiff's claims, this Court is nonetheless authorized, pursuant to the provisions of 28 U.S.C. § 1915(e), to dismiss an action or any portion thereof if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.  <u>Cf.</u>, <u>Green v. McKaskle</u>, 788 F.2d 1116 (5th Cir. 1986).  A § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed.  <u>Id.</u>  An in forma pauperis claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340

---

Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, <u>supra</u> (citations omitted).

[4]  Although the Motion to Dismiss was filed on behalf of both defendants London and LeBlanc, the Court need not address the arguments contained therein relative to defendant LeBlanc inasmuch as the Court has concluded that this defendant is subject to dismissal for failure of the plaintiff to exhaust administrative remedies.

(1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).

Applying this standard, the Court finds that the plaintiff's remaining claims asserted in this proceeding are frivolous as a matter of law. In the first place, although the plaintiff complains of verbal abuse and threatening gestures by defendant London, the law is clear that allegations of verbal abuse and harassment alone do not present claims under § 1983. "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." McFadden v. Lucas, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983); Burnette v. Phelps, 621 F.Supp. 1157 (M.D. La. 1985). See also Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973). Accordingly, the allegations against defendant London regarding verbal abuse and threatening gestures are insufficient to state a claim of constitutional dimension and must be dismissed.

Next, the plaintiff complains that prison officials failed to follow prison rules and procedures in re-assigning him to a different job, notably through their failure to inform him of the internal review board in August, 2008, and their failure to allow him to be present at the board's hearing. Notwithstanding, the law is clear that mere violations of state rules or regulations are not actionable under 42 U.S.C. § 1983. Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989). Accordingly, this aspect of the plaintiff's claim is subject to dismissal as well.

The plaintiff also complains that, after falling twice in the kitchen on unspecified dates, his medical needs have not been attended to. In this regard, however, the plaintiff has failed to name as a defendant any person responsible for his medical treatment. To be liable under § 1983, a defendant must have been either personally involved in conduct

causing the alleged deprivation of constitutional rights, or there must be a causal connection between the conduct of the defendant and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinates or co-employees is insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In the instant case, the plaintiff has failed to allege that defendant London has been in any way connected with the plaintiff's medical treatment or in any alleged failure to provide same. Accordingly, in the absence of any allegation of the defendant's direct personal involvement in the constitutional violation alleged, the defendant is entitled to dismissal in connection with this claim.

Finally, with regard to the plaintiff's claim that defendant London re-assigned him to a less desirable job in retaliation for the plaintiff's use of the prison grievance procedures, the law is well-settled that prison officials are not allowed to retaliate against or harass an inmate because of the inmate's exercise of his right to seek access to the courts, i.e., because the inmate has complained to supervisors about the alleged wrongful conduct of prison security officers. Ruiz v. Estelle, 679 F.2d 1115 (5th Cir.), opinion amended in part and vacated in part, 688 F.2d 266 (1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983); Gibbs v. King, 779 F.2d 1040 (5th Cir.), cert. denied, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986). However, although prisoners enjoy a well-recognized right to complain to supervisors of their jailers' wrongful conduct, this right is limited to the making of non-frivolous complaints involving the assertion of legitimate constitutional rights. Johnson v. Rodriguez, 110 F.3d 299 (5th Cir. 1997). Further, in order to sustain a showing of a constitutional

violation, the plaintiff must allege more than a de minimis or inconsequential "retaliatory adverse act", i.e., an adverse act that "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." Morris v. Powell, 449 F.3d 682 (5th Cir.), cert. denied, 549 U.S. 1038, 127 S.Ct. 596, 166 L.Ed.2d 443 (2006).

Based upon the foregoing, the Court concludes that the plaintiff has failed to allege retaliatory conduct that is greater than de minimis. In Morris, supra, the Fifth Circuit held that a job transfer from the prison commissary to the prison kitchen was a de minimis retaliatory act which did not rise to the level of a constitutional violation. While the Court recognized that, in appropriate circumstances, a job transfer could constitute a sufficiently adverse retaliatory act, as where the inmate has been transferred from a job involving light labor to a much less desirable job subjecting the inmate to extreme hardship and serious health risks, citing Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989) (inmate transferred from a job involving light labor to one where he was required, inter alia, to work in a barn, without a mask, shoveling un-shucked corn that was over a year old and was contaminated with rats' nests, insects and clods of white sandy dust, resulting in his sustaining nose bleeds, loss of hair and sores on his face), it does not appear in the instant case, without more, that the plaintiff's job re-assignment from a dormitory housing unit to the culinary scullery rises to this level. See Jones v. Greninger, 188 F.3d 322 (5th Cir. 1999)(alleged retaliatory transfer to a job in food services not a constitutional claim); Tighe v. Wall, 100 F.3d 41 (5th Cir. 1996)(alleged retaliatory removal from job assignment not a constitutional claim); Garcia v. TDCJ-CID Director, 2009 WL 2901522 (S.D. Tex. August 28, 2009) (alleged retaliatory transfer to prison hog farm not a constitutional claim). Accordingly, the Court finds that the plaintiff

fails to state a claim of constitutional dimension relative to his assertion of retaliation, and this claim should therefore be dismissed as legally frivolous.

RECOMMENDATION

It is recommended that the motion for partial summary judgment of defendant James LeBlanc, rec.doc.no. 21, be granted, dismissing the plaintiff's claims against this defendant for failure of the plaintiff to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e. It is further recommended that the motion to dismiss of defendant G. London, rec.doc.no. 22, be granted, dismissing the plaintiff's claims asserted against this defendant in the defendant's official capacity. It is further recommended that the plaintiff's remaining claims be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, December 8, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**